UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| MOHAN A. HARIHAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WELLS FARGO NA, et al., | ) |
| | ) |
| Defendants. | ) |

Civil Action No.
15-11880-ADB

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons stated below, the Court: (1) denies without prejudice the plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 3]; (2) denies without prejudice plaintiff's motions for injunctive relief [ECF Nos. 7 & 8]; (3) denies plaintiff's motion for appointment of a special prosecutor, and denies without prejudice plaintiff's motion for appointment of counsel [ECF No. 4]; (4) grants plaintiff's motion to file electronically [ECF No. 11], provided that plaintiff completes any necessary training; and (5) grants plaintiff thirty-five days to file a second amended complaint, and to either pay the filing fee or file a supplemental Application to Proceed in District Court Without Prepaying Fees or Costs.

## BACKGROUND

On May 20, 2015, Plaintiff Mohan A. Harihar ("Harihar"), a resident of Lowell, Massachusetts, filed his complaint [ECF No. 1], along with an Application to Proceed Without Prepayment of Fees and Affidavit [ECF No. 3], and a Motion for Appointment of Counsel and/or Special Prosecutor [ECF No. 4].

1

This case arises out of the allegedly wrongful foreclosure of a mortgage held by defendants Wells Fargo and US Bank N.A. on real property owned by Harihar in Lowell, Massachusetts [Complaint ¶¶ 15-17]. Apparently, Harihar had filed several actions in state court seeking to prevent the foreclosure, seeking a new trial and reconsideration. He now brings this federal action against thirteen defendants, including his lenders and their various counsel; a Massachusetts real estate company and two principals; a private couple that purchased the foreclosed property, the Commonwealth of Massachusetts and a residential mortgage-backed security ("RMBS") trust.

The nature of Harihar's claims is not entirely clear. The Complaint alleges that defendants violated the Massachusetts Consumer Protection Act, G.L. c. 93A [Complaint ¶ 1], and infringed on Harihar's intellectual property rights [Id. ¶¶ 1, 32, 34]. The Complaint also contains vague allegations about fraud; aiding and abetting fraud; anti-trust violations; fraudulent assignments; perjury; and violations of Harihar's 14th Amendment rights to due process and equal protection [Id. ¶ 32]. Plaintiff also obliquely references abuses of judicial discretion, and improper relationships and collusion amongst the Office of the Massachusetts Attorney General, the United States Attorney, the Boston Bar Association, and certain law firms [Id.] None of these allegations, however, are supported with specific facts. Harihar seeks equitable and monetary relief and a jury trial.  He further alleges that he has already filed related complaints against the defendants with the FBI, Massachusetts Office of the Attorney General, the Massachusetts Board of Bar Overseers, the Northeast Association of Realtors, the Securities and Exchanges Commission and the American Civil Liberties Union [Complaint ¶ 28].

One month after filing his complaint, Harihar filed a document purporting to be an

Amended Complaint [ECF No. 6], accompanied by a motion for preliminary injunctive relief

[ECF No. 7], and a motion for a temporary restraining order [ECF No. 8].

DISCUSSION

A.     Filing Fee

     The fees for filing a civil action are the $350.00 filing fee and the $50.00 administrative

fee.  See 28 U.S.C. § 1914(a) ($350.00 filing fee for all non-habeas civil actions).  An indigent

litigant may request leave to proceed without prepayment of the filing fee.  See 28 U.S.C. §

1915(a)(1).  The standard in 28 U.S.C. § 1915(a)(1) for *in forma pauperis* ("IFP") eligibility is

that the litigant is "unable to pay such fees or give security therefor."  The determination of what

constitutes "unable to pay" or unable to "give security therefor," and, therefore, whether to allow

a plaintiff to proceed IFP is left to the sound discretion of the district court based on the

information submitted by the plaintiff.  Fridman v. City of New York, 195 F. Supp. 2d 534, 536

(S.D.N.Y.), aff'd, 52 Fed. Appx. 157 (2d Cir. 2002) (citing Williams v. Estelle, 681 F.2d 946,

947 (5th Cir. 1982); Potnick v. Eastern State Hospital, 701 F.2d 243 (2d Cir.1983)).

     In his Application, Harihar declares under the penalty of perjury that he is employed and

that he has almost one thousand dollars in a checking or savings account.  He does not own

property and has no dependents.  He states that he is a party to litigation in state court that, if

successful, may enable him to pay the applicable court fees [ECF No. 3].

     Although the Court recognizes that Harihar may have limited income and savings, his

Application is DENIED, without prejudice.  The Application is incomplete because Harihar's

request was submitted using an older version of the Application form.  Because this older form

fails to include information concerning monthly expenses, debts or financial obligations, the

3

Court cannot determine whether Harihar is indigent within the meaning of the *in forma pauperis* statute.  However, the Court will permit Harihar to supplement his current Application to Proceed in District Court Without Prepaying Fees or Costs by filing a new application using the proper form.[1]

B.      Plaintiff's Amended Complaint

As an initial matter, Harihar's purported amended complaint runs afoul of Rule 15 of the Federal Rules of Civil Procedure.  Harihar's amendment to his original complaint states that he is filing the amendment as an "update" addressing recent state court decisions and recent actions taken by some of the defendants. The amended complaint does not, however, contain any of the allegations or claims referenced in the original complaint. Generally, an amended pleading supersedes the original pleading such that the latter no longer has any function in the case. See ConnectU LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008).  Because an amended complaint completely supersedes the original complaint, see Ramallo Bros. Printing, Inc. v. El Día, Inc., 490 F.3d 86, 88 n.2 (1st Cir. 2007), it must contain any and all relevant facts and claims for relief that plaintiff wishes to assert in this action. The Court will allow Harihar to file a second amended complaint to remedy this problem. Harihar should include in the second amended complaint all the claims he seeks to pursue in this action, as well as facts sufficient to support those claims.

In addition, any second amended complaint must comply with other provisions of the Federal Rules of Civil Procedure.  Under Fed. R. Civ. P. 10, "[t]he title of the complaint must

---

[1] The revised application form is available at www.uscourts.gov/forms/fee-waiver-application-forms .

name all the parties." Fed. R. Civ. P. 10(a).  The claims must be set forth "in numbered

paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P.

10(b).  Further, where a plaintiff brings claims against more than one defendant in a single

lawsuit, the claims must be limited to those "arising out of the same transaction, occurrence, or

series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).  The Court's Local Rules

mandate that typed complaints be double-spaced (except for the identification of counsel, title of

the case, footnotes, quotations and exhibits).  See Local Rule 5.1(a)(2).

> The Court notes that there are further deficiencies in Harihar's Complaint that must be
remedied if this action is to proceed. First, the basis for this Court's subject-matter jurisdiction is
not apparent from the face of the Complaint. Second, the Complaint does not clearly explain the
legal basis for Harihar's claims, and pleads virtually no facts in support of those claims. These
issues are addressed in more detail below.

> C.      Subject Matter Jurisdiction

> Plaintiff is advised that a federal court is a court of limited jurisdiction, and it may
adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v.
Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  The primary federal jurisdiction statutes, 28
U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.
Where subject matter jurisdiction is lacking, a court must dismiss the case. Fed. R. Civ. P.
12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court
must dismiss the action."); see Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) ("The
objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by
a court on its own initiative, at any stage in the litigation, even after trial and the entry of

judgment.") (internal citation omitted).

It is not clear that this Court has subject matter jurisdiction over Harihar's claims.  First, there does not appear to be diversity jurisdiction under 28 U.S.C. § 1332, because Harihar has not alleged that all of the parties are citizens of different states. Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants, meaning that the state of citizenship for each plaintiff must be different from that of each defendant. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978); American Fiber & Fin., Inc. v. Tyco Healthcare Group, L.P., 362 F.3d 136, 139 (1st Cir. 2004). Here, Harihar and several of the defendants appear to be citizens of Massachusetts, which would destroy the requirement of complete diversity.

Second, is not evident that this Court has "federal question" jurisdiction pursuant to 28 U.S.C. § 1331, because Harihar's complaint does not clearly allege any cognizable claims arising out of federal law. Although the complaint contains oblique references to deprivations of plaintiff's Constitutional rights under the 14th Amendment, he fails to plead any facts in support of those claims. The same is true of Harihar's claim that defendants infringed and damaged his "intellectual property." As currently pled, the Complaint focuses largely on state law claims, and alleges no facts sufficient to support a federal claim.[2]

The Court, however, will permit Harihar to file a second amended complaint that clearly

---

[2] Absent a federal claim, the Court also lacks jurisdiction over Harihar's state-law claims, such as the alleged violations of the Massachusetts Consumer Protection Act, G.L. c. 93A.  Federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." See 28 U.S.C. § 1367. Since Harihar has not asserted any federal claim, this Court cannot exercise "supplemental" jurisdiction over plaintiff's state-law claims.

identifies the basis for this Court's subject matter jurisdiction. Harihar is advised that he must

clearly and completely plead the legal and factual basis for any federal claim he alleges.

      D.    <u>Failure to Plead Facts Sufficient to State a Claim</u>

      Finally, as currently pled, Harihar's complaint and amended complaint are also subject to

dismissal because they fail to allege sufficient facts to state a claim on which relief may be

granted. When a plaintiff seeks to file a complaint without prepayment of the filing fee,

summonses do not issue so that the Court may conduct a preliminary review of the complaint and

determine if it satisfies the substantive requirements of Section 1915.  <u>See</u> 28 U.S.C. § 1915.  A

district court may dismiss a complaint filed <u>in</u> <u>forma</u> <u>pauperis</u> "at any time" if the court

determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant

who is immune from liability, or fails to state a claim. 28 U.S.C. § 1915(e)(2)(b); <u>see</u> <u>Neitzke v.

Williams</u>, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)). <u>In</u> <u>forma</u> <u>pauperis</u>

complaints may be dismissed <u>sua</u> <u>sponte</u> and without notice under Section 1915 if the claims are

based on an indisputably meritless legal theory or factual allegations that are clearly baseless.

<u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992).

      Upon review, Harihar's complaint does not satisfy the pleading standard set forth in the

Federal Rule of Civil Procedure. Rule 8(a)(2) requires that any pleading stating a claim for relief

"must contain a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, a pleading

must set forth "more than labels and conclusions." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544,

555 (2007). A "formulaic recitation of the elements of a cause of action" is not enough. <u>Id.</u> To

avoid dismissal, a complaint must set forth "factual allegations, either direct or inferential,

respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations and citation omitted). And, taken together, the facts alleged must be sufficient to "'state a claim to relief that is plausible on its face.'" A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570).

The purpose of the Federal Rules' pleading requirements is to give a defendant fair notice of the claim and its basis, as well as to provide an opportunity for a cogent answer and defense. See Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008). Harihar's complaint does not achieve this objective. He has not explained the factual basis of any of his claims, against any of the defendants. Harihar's complaint is comprised of conclusory allegations that the defendants have wronged Plaintiff and other alleged victims of the U.S. "Foreclosure/Financial Crisis," without pleading any specific facts to support those conclusions. For example, Harihar makes several references to the alleged infringement of his "intellectual property," which he describes as a "project designed to assist with this Nation's (and Global) economic recovery from the US/Foreclosure/Financial Crisis." [Complaint ¶ 32]. But he does not allege any facts explaining how any of the thirteen defendants infringed upon or violated his intellectual property rights. Nor are there any facts supporting Harihar's vague references to antitrust violations, or any of his state-law claims.

The Court will allow Harihar to remedy these deficiencies in a second amended complaint. Harihar is strongly advised to (1) enumerate all of his causes of action clearly; (2) explain which defendant(s) are liable under which claim(s); and (3) for each claim, set forth "factual allegations, either direct or inferential, respecting each material element necessary to

8

sustain recovery" under that legal theory. <u>Gagliardi</u>, 513 F.3d at 305 (internal quotations and citation omitted).

        E.      <u>Motions for Preliminary Injunctive Relief</u>

Also before the Court are Harihar's Motion for Preliminary Injunctive Relief [ECF No. 7], and Motion for a Temporary Restraining Order [ECF No. 8], pursuant to Rule 65 of the Federal Rules of Civil Procedure. Harihar argues that he is entitled to a preliminary injunction or emergency temporary restraining order preventing the defendants' alleged misconduct and requiring the defendants to take corrective action, including providing him with a new vehicle and interim housing.  To qualify for preliminary injunctive relief, the moving party must show (1) likelihood it will succeed on the merits; (2) likelihood it will suffer irreparable harm in the absence of a preliminary injunction; (3) that the balance of equities tips in its favor; and (4) that the injunction is in the public interest. <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20, (2008). The <u>Winter</u> standard requires the party seeking an injunction to make a "clear showing" that he is likely to succeed on the merits. <u>Id.</u> at 22.  As discussed above, however, the pleadings in this case fail to establish this Court's subject-matter jurisdiction, and further fail to state a claim upon which relief may be granted, thereby making it impossible for Harihar to demonstrate he is likely to prevail on the merits. As a result, Harihar's motions for injunctive relief are <u>DENIED</u>.

        F.      <u>Motion to Appoint Counsel or a Special Prosecutor</u>

Harihar has also filed a Motion requesting that the Court appoint him counsel in this action pursuant to 28 U.S.C. § 1915, and to appoint a special Federal prosecutor [ECF No. 4]. Harihar's Motion to appoint a special prosecutor is <u>DENIED</u>. Under the United States

9

Constitution, it is the Executive Branch of the federal government, and not the Judicial Branch, that is responsible for conducting criminal investigations, and bringing criminal charges, if warranted.  The Constitution precludes the federal courts from interfering in these responsibilities of the Executive Branch.  See United States v. Nixon, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); United States v. Smith, 231 F.3d 800, 807 (11th Cir. 2000) ("The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced."). Because this Court lacks the authority to appoint a special prosecutor, Harihar's motion to appoint one is DENIED.

Harihar's Motion to appoint counsel is also DENIED, without prejudice to renew after he files a second amended complaint. "The appointment of counsel in a civil case for an indigent litigant is a matter that lies within the discretion of the court." Feliciano v. DuBois, 846 F. Supp. 1033, 1040 (D. Mass. 1994). There is no absolute constitutional right to counsel in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Generally, a litigant must demonstrate "exceptional circumstances" warranting the appointment of counsel. Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986). "Some factors which courts have found to bear on the question of exceptional circumstances in a particular case include the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; . . . the complexity of the factual and legal issues involved; . . . and the capability of the indigent litigant to present the case." Id. (internal citations omitted). In light of the numerous deficiencies in Harihar's complaint, the lack of clarity in his claims, and the lingering question of subject matter jurisdiction, the Court

declines to appoint counsel for Harihar at this point in time. His Motion to appoint counsel is

<u>DENIED</u>, without prejudice to renew after Harihar files a second amended complaint.

ORDER

Based upon the foregoing, it is hereby **ORDERED** that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 3] is denied without

   prejudice. Harihar may file a supplemental Application using the appropriate form.

2. Plaintiff's motion for appointment of special prosecutor is denied, and his motion to

   appoint counsel is denied without prejudice to renew [ECF No. 4].

3. Plaintiff's motions for injunctive relief [ECF Nos. 7 & 8] are denied.

4. Plaintiff's motion to file electronically [ECF No. 11] is granted, provided that plaintiff

   completes any necessary training.  Plaintiff is directed to contact Virginia Hurley

   (617.748.9166) for information concerning training and registering for CM/ECF in this

   District.

5. If plaintiff wishes to proceed with this action, he shall, w**ithin thirty-five days of the**

   **date of this Memorandum and Order** (1) file a second amended complaint that

   complies with the Federal Rules of Civil Procedure; and (2) either pay the filing fee or

   file an Application to Proceed in District Court Without Prepaying Fees or Costs.  Failure

   to comply with these directives will result in the dismissal of this action.

**SO ORDERED.**

                                     /s/ Allison D. Burroughs
                                     Allison D. Burroughs
                                     United States District Judge

Dated:  July 15, 2015