UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOHAN HARIHAR, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 15-cv-11880-ADB |
| U.S. BANK NATIONAL ASSOCIATION, et al., | * |
| | * |
| Defendants. | * |
| | * |
| | * |

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND TO REMOVE AN ACTION FROM STATE COURT

BURROUGHS, D.J.

Plaintiff Mohan Harihar ("Harihar"), proceeding *pro se*, initiated this action on May 20, 2015. [ECF No. 1]. Harihar amended his complaint twice, first in June 2015 and again in November 2015. [ECF Nos. 6, 24]. His 71-page amended complaint was accompanied by more than 1800 pages of attachments, and although the factual allegations were somewhat unclear, the essence of his claims was that U.S. Bank unlawfully foreclosed on his home in Lowell, Massachusetts and that several individuals and entities subsequently concealed the illegality of that foreclosure. See generally [ECF No. 24]. Based on those allegations, Harihar brought seventeen counts, including claims for racketeering, copyright infringement, violations of constitutional rights, and unfair and deceptive practices, against two banks, the Commonwealth of Massachusetts, and several individuals and law firms. See [ECF No. 24 ¶¶ 107–35].

In April 2016, the Court dismissed several of the counts. [ECF No. 43]. Harihar sought to further amend his complaint, but the Court denied those requests because it found that the proposed amendments were futile and would have been unduly prejudicial to the Defendants.

[ECF Nos. 81, 116, 118, 125]. The Court also denied multiple requests for injunctive relief. [ECF Nos. 120, 133]. Harihar responded to these adverse decisions by filing motions for the Court's recusal, asserting that he was the victim of a massive government conspiracy, and requesting fees and costs from the government. See [ECF Nos. 121, 123, 124, 126, 127, 128, 131, 134, 135, 138]. On March 31, 2017, the Court dismissed the remaining counts with prejudice. [ECF No. 139]. On January 17, 2018, the Court's decision was affirmed by the First Circuit, and on April 15, 2019, the Supreme Court denied Harihar's petition for a writ of certiorari. See [ECF Nos. 149, 154]. As of April 15, 2019, this action had run its full and complete course within the federal judicial system.

On July 25, 2019, notwithstanding the conclusion of this action and Harihar's previous allegations that the Court had committed "Treason to the Constitution" and engaged in a "PATTERN OF CORRUPT CONDUCT" that resulted in an abuse of justice so extensive that "MENTAL ILLNESS – should not be ruled out," [ECF No. 148 at 4, 7–8], Harihar filed an emergency motion to amend the complaint and remove an action from Massachusetts Superior Court to this Court pursuant to Federal Rule of Civil Procedure 60(b)(3) and 60(b)(4) and 28 U.S.C. § 1446. [ECF No. 155, 156]. Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party [or because] the judgment is void." Fed. R. Civ. P. 60(b). 28 U.S.C. § 1446 provides, in relevant part:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

Harihar's motion is denied for eight reasons.  First, to the extent he contends that the Massachusetts courts have violated Federal Rule of Civil Procedure 60, he fails to state a valid basis for relief because the Federal Rules of Civil Procedure do not apply to proceedings in Massachusetts state courts.  See Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings *in the United States district courts*, except as stated in Rule 81." (emphasis added)).[1]  Second, to the extent Harihar seeks relief from the dismissal of this action, his remedy was to appeal the Court's order.  He has now exhausted his rights to appeal without success.  Third, Harihar has not properly removed the action from state court pursuant to 28 U.S.C. § 1446 because he has not provided a "short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  Fourth, Harihar has failed to complete a JS 44 and to file the notice of removal with the clerk as required to initiate a removed action in this Court.  See L.R., D. Mass. 3.1.  Fifth, Harihar appears to be the plaintiff in the Massachusetts action he seeks to remove, but 28 U.S.C. §§ 1441(a) and 1446(a) provide for removal by defendants only.  Sixth, Harihar's attempt to remove the action now pending in state court is almost certainly untimely given that he represents that his motions in state court have been pending for more than a month, whereas 28 U.S.C. § 1446(b) requires that any "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  28 U.S.C. § 1446(b)(1).  Seventh, to the extent Harihar seeks to amend his complaint in accordance with Federal Rule of Civil Procedure 15, his motion is denied for the reasons the Court has previously articulated in denying Harihar's motions to amend.  See [ECF No. 81, 103, 116, 125].  Eighth, because this action terminated on March 31, 2017 when

---

[1] Under Federal Rule of Civil Procedure 81(c), the rules apply to actions that have been removed from state courts but only *after* the action is removed.

the Court dismissed all claims with prejudice, even if the state court case could be removed to this Court, it would not be related to this action because more than two years have elapsed since this action was closed.  See L.R., D. Mass. 40.1(g)(1).

Harihar's emergency motion to amend his original complaint and to remove an action from state court [ECF Nos. 155, 156] is **DENIED**.  Considering that this action has been fully litigated and has now been closed for more than two years, Harihar shall make no further filings on this docket or any other filing with this Court that purports to be related to this action.

**SO ORDERED.**

July 29, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE